UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re:*<br><br>SUBPOENA ON THIRD-PARTY SEASON 4, LLC<br><br>_____<br><br>LINDA SUNDERLAND and BENJAMIN BINDER,<br>individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>v.<br><br>PHARMACARE U.S., INC.,<br><br>                              Defendant. | Case No.:  3:24-cv-00895-JES-AHG<br><br>**ORDER DENYING MOTION TO ENFORCE SUBPOENA**<br><br>**[ECF No. 1]**<br><br><br>*Underlying action pending in the Southern District of California:*<br><br>*Case No. 3:23-cv-01318-JES-AHG* |

Pursuant to Federal Rule of Civil Procedure 45(d)(2)(B)(i), Defendant Pharmacare U.S., Inc. ("Defendant") asks the Court to enforce the subpoena it served on third-party Season 4, LLC ("Season 4") in a case currently pending in this District.[1] ECF No. 1. Season 4, and Plaintiffs Linda Sunderland and Benjamin Binder ("Plaintiffs"), oppose the motion. ECF Nos. 7, 8, 9, 43. For the reasons set forth below, Defendant's motion to compel is **DENIED**.

I.  BACKGROUND

**A. Underlying Litigation**

Plaintiffs filed a putative class action against Defendant, alleging that Defendant deceived consumers into purchasing Sambucol-branded elderberry diet supplements (referred to herein as "Sambucol") by misrepresenting that they contain a unique and proprietary black elderberry extract developed by a virologist. *See generally Sunderland*, No. 23-cv-1318-JES-AHG, Doc. No. 1.

**B. The Subpoena**

On January 9, 2024, Defendant served a subpoena on Season 4, requesting the following information:

> 1. All documents relating to any Claimant, including any communications with or information collected from any Claimant, analysis of the scope or amount of any claims, database information, forms, presentations, spreadsheets, audio or visual recordings, photographs, images, and other any other data or data compilations.
>
> 2. All documents relating to any analysis done by you or sent to you by any Person, including any Plaintiffs' Law Firm or any other lawyer, regarding any Claimant(s) or any of their Claims.
>
> 3. All documents relating to the referral of any Claimant(s) to a lawyer, including the date of and amount charged for the referral(s).
>
> 4. All documents relating to marketing or advertising directed to actual or

---

[1] *Sunderland, et al. v. PharmaCare*, No. 23-cv-1318-JES-AHG (S.D. Cal.), hereinafter referred to as the "underlying case" or *Sunderland*.

potential Claimants, or the solicitation of Claimants to join the Lawsuit.

5. All documents relating to your agreements with any Plaintiffs' Law Firm or other lawyers regarding the Lawsuit.

6. All communications between you and any Plaintiffs' Law Firm or other lawyers related to any Claimants or their Claims.

7. All documents regarding any financial interest that any other Person, including any Plaintiffs' Law Firm, has in you.

8. All documents relating to your ownership by any other Person, including any Plaintiffs' Law Firm.

9. All documents related to the Products not otherwise produced in response to the other requests.

10. All documents related to the Lawsuit not otherwise produced in response to the other requests.

ECF No. 1-3 at 10–11. "Claimant" is defined in the subpoena as "all Persons that have contacted You regarding potential claims against Defendant related to the PRODUCTS." *Id.* at 5.

Season 4 produced 16 documents in response to the subpoena, which included "pdfs of the ClassAction.org website and a newsletter related to the Sunderland Litigation." ECF No. 1-2 at 3 ¶ 15. Season 4 also produced a privilege log to support withholding certain documents based on the attorney-client privilege and attorney work product protection. ECF No. 1-15.

**C. The Instant Motion**

On March 21, 2024, Defendant filed a motion to compel in the District of New Jersey, the judicial district where Season 4 has its principal place of business. ECF No. 1. Season 4 filed its opposition brief on April 1, 2024, consenting to transfer of the motion to the Southern District of California and seeking to quash the subpoena. ECF No. 7. On April 8, 2024, Defendant filed its reply brief and objected to the transfer of the motion. ECF No. 12 at 18–19. Plaintiffs filed a motion to intervene, requesting that the Court issue a protective order to prevent the disclosure of the documents at issue, which Defendant opposed. ECF No. 15, 19. On May 21, 2024, the court in the District of New Jersey ordered

that Defendant's motion be transferred to this Court. ECF No. 29.

Upon transfer to this district, Plaintiffs renewed their motion to intervene, which the Court granted. ECF No. 34, 37. Plaintiffs filed an opposition and motion for protective order on July 12, 2024,[2] and a reply on July 19, 2024. ECF Nos. 42, 43, 44. The Court finds this motion suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 42.

### D. Season 4's Connection to the Underlying Litigation

Season 4 operates the website "ClassAction.org," which provides information about pending consumer investigations and class actions, and facilitates connections between consumers and law firms like Plaintiffs' counsel so that consumers can obtain legal advice. ECF No. 1-5. According to the ClassAction.org Terms of Use, Season 4 "provides users with the ability to register a personal complaint or injustice that is forwarded to lawyers, law firms, legal financial service providers, or other legal service providers sponsoring submission forms." ECF No. 1-6 at 3. The Terms of Use state that Season 4 "is not a law firm," "does not provide legal advice," and providing information to Season 4 does not "establish or constitute an attorney-client relationship." *Id.* at 4. The Terms of Use also provide that Season 4 does not "share your inquiries regarding possible inclusion in or participation in a lawsuit or settlement with third parties other than the lawyers, law firms, legal financial service providers, or other legal service providers who have requested such information be forwarded to them" and that Season 4 "keeps your inquiries regarding possible inclusion or participation in a lawsuit or settlement confidential unless ordered to produce them by a court of law." ECF No. 1-6 at 5.

Plaintiff's counsel, the Milberg Firm, engaged Season 4 to assist in litigation against Defendant by creating an advertisement to advise consumers of potential claims regarding Sambucol that was posted on ClassAction.org from June 26 through July 6, 2023.

---

[2] Defendant disputes that the motion for protective order was filed timely, ECF No. 44 at 3, but this dispute is moot in light of this Order.

ECF No. 9 at 5-7. Season 4 created a webpage with information about Sambucol. The webpage states that lawyers are "investigating" whether Sambucol products "live up to their advertised claims and whether they were properly labeled under federal guidelines." ECF No. 1-7. It provides additional information about elderberry health claims and states that "If you're a New York or California resident and you purchased [Sambucol] in 2019 or later, fill out the form on this page to find out how you can help." *Id.* Under a section titled "What You Can Do," the webpage invites consumers to fill out this form:



The webpage explains that after a consumer submits the form, "an attorney or legal representative may reach out to you directly to address your concerns and explain how you may be able to help get a class action lawsuit started. It costs nothing to get in touch, and

you're not obligated to take legal action if you don't want to." *Id.*

Both named plaintiffs in this action, Benjamin Binder and Linda Sunderland, reviewed information about Sambucol on the ClassAction.org website. Plaintiff Binder signed up to receive ClassAction.org newsletters several years ago. ECF No. 1-13 at 5-6. Attorneys from the Milberg firm reached out to him after he submitted the form on the Sambucol webpage. *Id.* at 7. Mr. Binder did not recall communicating with anyone at ClassAction.org about the form. *Id.* Mr. Binder's belief that Defendant made false statements about Sambucol stemmed from his review of the ClassAction.org webpage. *Id.*

Plaintiff Sunderland learned about issues with Sambucol through the ClassAction.org newsletter, which she received through email. ECF No. 1-14 at 3. She had signed up to receive the newsletter sometime before that. *Id.* at 4. Ms. Sunderland looked at the Sambucol webpage after receiving the newsletter and submitted the form on the webpage. *Id.* at 6. After submitting the form, an attorney from the Milberg firm contacted her and asked if she wanted to participate in a class action regarding Sambucol. *Id.* at 8.

## II.   PARTIES' POSITIONS

Defendant's subpoena "requests ten categories of documents that generally include: documents and communications between Season 4 and potential claimants (including Plaintiffs), documents between Season 4 and the attorneys who used Season 4's advertising services (including Milberg), and documents related to the ownership of Season 4." ECF No. 1-1 at 6.[3] The subpoena specified a compliance date of January 24, 2024. ECF No. 1-1 at 11; ECF No. 1-3. Upon Season 4's request, Defendant agreed to extend the deadline for compliance to February 5, 2024. ECF No. 1-1 at 11; ECF No. 1-11.[4] On

---

[3] Due to discrepancies between original and imprinted page numbers, page numbers for docketed materials cited in this Order refer to those imprinted by the court's electronic case filing system.

[4] The Court rejects Defendant's plainly frivolous argument that Season 4's objections are untimely because Season 4 requested an extension to "respond" to the subpoena, rather than an extension to "object" to the subpoena. Rule 45 does not contemplate separate

1  February 5, 2024, Season 4 served objections to the subpoena; and on February 19, 2024, Season 4 produced several documents. ECF No. 1-1 at 11; ECF No. 1-12. Season 4 produced a privilege log on March 15, 2024. ECF No. 1-1 at 12.

In the instant motion, Defendant contends that Season 4 should be compelled to produce additional information in response to the subpoena because it is relevant in the underlying litigation. Defendant contends that Season 4's objections are either waived as untimely or have no merit, and that Season 4 impermissibly narrowed the scope of the subpoena to a one-month.

Season 4 and Plaintiffs dispute that the subpoena seeks relevant information. They object to the subpoena on a number of grounds, including attorney client-privilege, burden, and the privacy of unnamed class members. Plaintiffs also moved for a Protective Order.

### III.  LEGAL STANDARD

The Court has broad discretion and authority to manage discovery. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Whether or not discovery will be permitted . . . lies within the sound discretion of the trial court."); *cf. U.S. Fid. & Guar. Co. v. Lee Invs. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion." (internal quotation marks and citations omitted)); *see also Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). This discretion extends to whether to grant a motion to compel compliance with a Rule 45 subpoena for documents. *See Garrett v. City & Cnty. Of San Francisco*, 818 F.2d 1515, 1519 (9th Cir. 1987); *see also Sacks Holdings, Inc. v. Vaidya*, No. 24-MC-80197-PHK, 2024 WL 4730424, at *2 (N.D. Cal. Nov. 7, 2024).

---

deadlines for objecting versus responding to a subpoena, and neither did the email correspondence from Defendant's counsel agreeing to the extension. *See, e.g., Sacks Holdings, Inc. v. Vaidya*, No. 24-MC-80197-PHK, 2024 WL 4730424, at *6 (N.D. Cal. Nov. 7, 2024) (objecting to a subpoena versus responding to a subpoena is a "distinction without a difference.").

The scope of discovery allowed under a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b*). In re Subpoena to Apple Inc.*, No. 3:13-cv-254-MOC-DSC, 2014 WL 2798863, at *2 (N.D. Cal. June 19, 2014); *see* Fed. R. Civ. P. 45, advisory committee's note to 1970 amendment ("[T]he scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); Fed. R. Civ. P. 34(a) ("A party may serve on any other party a request within the scope of Rule 26(b)."). However, Rule 45 specifies expressly that "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45 (d)(1); *see also* Fed. R. Civ. P. 45 (d)(3)(A)(iv) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena that ... (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.").

A nonparty commanded to produce documents pursuant to a Rule 45 subpoena may challenge the subpoena in one of three ways: (1) by written objection; (2) by moving to quash or modify the subpoena; or (3) by moving for a protective order. *See* Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 45 (d)(2)(B), (d)(3). If a nonparty responds to a Rule 45 subpoena with objections, the party who served the subpoena may move for an order compelling compliance. Fed. R. Civ. P. 45(d)(2)(B)(i). Subpoena-related motions under Rule 45 must be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), (d)(3)(A)–(B), (e)(2)(B). Though the District of New Jersey is the "district where compliance is required," the Southern District of California (the issuing court) may rule on the motion to compel "if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f); *see* ECF No. 7 at 50 ("Season 4 expressly consents to this Motion being transferred to the U.S. District Court for the Southern District of California"); ECF No. 29 (District of New Jersey ordering case be transferred).

## IV. DISCUSSION

The Court has considered the arguments of counsel and the relevant court rulings on the topic and is persuaded that Defendant's motion should be denied. The information that Defendant seeks is of marginal relevance at best and is not proportional to the needs of the underlying case. *See Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004); *Vena v. Moore*, No. 22cv437-W-BLM, 2023 WL 6194315, at *2 (S.D. Cal. Mar. 24, 2023).

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The concept of proportionality was added to Rule 26 in 2015. *Medicinova Inc. v. Genzyme Corp.*, No. 14cv2513-L-KSC, 2017 WL 2829691, at *5 (S.D. Cal. June 29, 2017). The intent of the 2015 amendment was to bring about "[a] change in the legal culture that embraces the leave no stone unturned and scorched earth approach to discovery." *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 604 (D. Nev. 2016). Following the amendment, a party is required to address both relevancy and proportionality when seeking to compel discovery. *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016) ("Relevancy alone is no longer sufficient—discovery must also be proportional to the needs of the case."); *Gilead Scis., Inc. v. Merck & Co., Inc.*, No. 5:13-cv-04057-BLF, 2016 WL 146574, at *1 (N.D. Cal. Jan. 13, 2016) ("[A] party seeking discovery of relevant, non-privileged information must show, before anything else, that the discovery sought is proportional to the needs of the case.").

Defendant does not mention proportionality in the multiple briefs it submitted on this motion, much less demonstrate that the requests here are proportional. Nonetheless, the Court will assess Defendant's relevance arguments and engage in the required

proportionality analysis that the parties overlooked.[5]

**A. Documents or Communications Between Season 4 and Potential Claimants**

Defendant argues that documents in this category are relevant because they "are likely to contain information about the reasons consumers purchased the Products and whether those reasons align with the allegations in the Complaint." ECF No. 1-1 at 14. The requests are not limited to Plaintiffs; they extend to any consumer who submitted the form on the ClassAction.org Sambucol webpage. ECF No. 1-3 at 5. That form contained fields for the consumer's name, email, phone number, zip code, and "case details." ECF No. 1-7 at 2. It did not ask consumers to provide the reasons why they purchased Sambucol. *Id.* After submitting the forms to Season 4, Plaintiffs' follow-up communications were with Plaintiffs' counsel, not Season 4. ECF No. 1-13 at 7; ECF No. 1-14 at 8.

Defendant has not provided any information that would suggest that Plaintiffs' experience was different from other consumers who submitted the form. Because the form did not ask for the reasons why consumers purchased Sambucol, and there is no suggestion that Season 4 engaged in any follow-up communications with the consumers (including Plaintiffs), the information sought in this category is not relevant. There is no need to analyze whether it is proportional.

**B. Documents or Communications Between Season 4 and Plaintiffs' Counsel**

Defendant argues that documents in this category are relevant because they "may also include analysis of potential claimants or their claims" and because they relate to Plaintiffs' counsel's ability to represent the class under Rule 23(g). Defendant cites to *Stock v. Integrated Health Plan, Inc.*, 241 F.R.D. 618 (S.D. Ill. 2007) and *Bodner v. Oreck Direct,*

---

[5] Defendant also argues in conclusory fashion that Requests 9 and 10 in the subpoena, which are catch-all requests asking for documents "related to the Products not otherwise produced" and "related to the Sunderland Litigation not otherwise produced" seek relevant information. ECF No. 1-1 at 16. But these requests, and this argument, are so patently vague and overbroad that they do not meet the basic standards for specificity in discovery requests and therefore cannot be the basis for a motion to compel.

*LLC*, No. C 06-4756 MHP, 2007 WL 1223777 (N.D. Cal. Apr. 25, 2007) to support this argument.

In *Bodner*, the court denied a motion for class certification after finding that the proposed plaintiff would not adequately represent the class because "virtually all of plaintiff's knowledge regarding this matter has come from his attorneys." 2007 WL 1223777, at *1. The court also criticized the plaintiff's firm for its "improper approach to consumer litigation." *Id.* at *2. *Bodner* does not move the needle here because it is focused on the issue of class certification and does not address the scope of discovery.

In *Stock*, the court granted a motion to quash a defendant's subpoena seeking information about the plaintiffs' counsel in a class action. 241 F.R.D. at 620. Although the court acknowledged a right to seek discovery that relates to the adequacy of proposed class counsel, it found that the discovery sought in the subpoena was not "sufficiently probative of relevant facts to aid the Court in determining whether [plaintiffs' counsel] will adequately represent the proposed class here." *Id.* at 624. Similarly, Defendant here does not explain how the information sought will shed any light on whether Plaintiffs' counsel can adequately represent the class. To the extent that Defendant is suggesting that this case is lawyer-driven, like *Bodner*, the relevant communications are between Plaintiffs and Plaintiffs' counsel, and those communications are outside the scope of the subpoena.

Even if Defendant could make a showing of relevance with respect to this category, the information sought is not proportional. The process that Plaintiffs' counsel used to identify the Plaintiffs has been adequately disclosed through the documentation produced by Season 4. Defendant deposed Plaintiffs and probed their knowledge of the claims, how they interacted with Season 4, and whether this is attorney-driven litigation. There is no need to compel further information from Season 4 in this category.

**C. Documents or Communications Regarding the Ownership of Season 4**

Defendant argues that documents in this category are relevant "because they also relate to Milberg's advertisement to, and recruitment of, potential clients and is [sic] therefore is germane to Rule 23's adequacy requirement." ECF No. 1-1 at 15. Rule 23(a)(4)

requires a court to review whether the named plaintiffs and their counsel have any conflicts of interest with other class members. *Kim v. Allison,* 87 F.4th 994, 1000 (9th Cir. 2023). Conflicts have to be "fundamental to the suit" and "go to the heart of the litigation" to preclude adequacy. *Id.* Defendant has not made any attempt to explain how the ownership of Season 4 may affect adequacy or demonstrate conflicts of interest here. "'Conclusory, unsupported arguments' as to why the issuing party believes they are entitled to an order compelling discovery are insufficient to establish relevancy." *Apple Inc. v. Qualcomm Inc.,* No. 317-cv-00108-GPC-MDD, 2018 WL 3861893, at *4 (S.D. Cal. Aug. 14, 2018); *Leadership Stud., Inc. v. Blanchard Training and Dev., Inc.,* No. 15cv1831-WQH-KSC, 2017 WL 2819847, at *8 (S.D. Cal. June 28, 2017) ("Based on the foregoing, plaintiff's conclusory arguments about relevance and proportionality are not enough to convince the Court that it is entitled to an order compelling defendant to produce all of the [documents]"). Defendant has not stated any grounds for compelling further information in this category.

## V.     CONCLUSION

As the moving party, Defendant bears the threshold burden of demonstrating that the information sought in the subpoena is relevant and proportional. Defendant has failed to meet this burden, so there is no need to address Season 4 or Plaintiffs' objections. The Court **DENIES** Defendant's motion to enforce subpoena.

**IT IS SO ORDERED.**

Dated: January 15, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge